**[ORAL ARGUMENT NOT SCHEDULED]**

**No. 25-5452**

# IN THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT

In re DONALD J. TRUMP, in his official capacity, et al.,

Petitioners.

On Petition for a Writ of Mandamus to the United States
District Court for the District of Columbia
Case No: 1:25-cv-00766-JEB

# EMERGENCY MOTION FOR STAY PENDING RESOLUTION OF PETITION FOR A WRIT OF MANDAMUS, AND FOR AN IMMEDIATE ADMINISTRATIVE STAY

BRETT A. SHUMATE
  *Assistant Attorney General*
YAAKOV M. ROTH
  *Principal Deputy Assistant Attorney General*
TIBERIUS DAVIS
  *Counsel to the Assistant Attorney General*

Civil Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
(202)-514-4357

# EMERGENCY MOTION FOR STAY

The Government respectfully requests that this Court stay the district court's ongoing criminal contempt inquiry pending resolution of the Government's petition for a writ of mandamus, which asks this Court to terminate those proceedings and, at a minimum, quash the district court's December 8 order compelling two litigators to testify, subject to cross-examination by their adversary counsel. Because those attorneys will be forced to the stand beginning on Monday morning, December 15, an immediate administrative stay is also required. The risk to both the separation of powers and the attorney-client privilege is stark. In light of the timing exigencies, the Government requests a stay, or an administrative stay, by 5 PM today.

This Court can grant a stay pending mandamus if the traditional stay factors are satisfied. *See In re Musk*, No. 25-5072, 2025 WL 926608, at *1 (D.C. Cir. Mar. 26, 2025) (granting a stay pending mandamus). To obtain a stay pending appeal, the party seeking the stay must make a strong showing that it is likely to succeed on the merits; that it will be irreparably injured absent a stay; that issuance of the stay will not substantially injure the other party; and that the public interest favors a stay. *See Nken v. Holder*, 556 U.S. 418, 426 (2009). When the Government seeks a stay, the irreparable harm and public interest prongs merge. *Id.* at 435. Here, each of the stay factors counsels strongly in favor of suspending the district court's unconstitutional and improper inquest pending meaningful resolution of the mandamus petition.

1

*First*, the Government is likely to succeed on the merits that a writ of mandamus should issue to stop the district court's abuses, for all of reasons set forth in the petition. The district court has marched forward with a sweeping criminal contempt inquiry unmoored from the law or the facts, usurping the Executive's prosecutorial and investigatory roles in the process. *See Trump v. United States*, 603 U.S. 593, 620 (2024). The district court already (wrongly) found probable cause for criminal contempt and Defendants have provided the names of the relevant officials through sworn declarations. *See* ECF 198, 199. Yet, despite having all necessary information for a criminal referral, the district court has ordered two litigators to provide testimony on December 15 and 16, ostensibly about "the bases of [Secretary Noem's] decision." ECF 200 at 1. But both attorneys have explained their lack of knowledge on this matter. ECF 158-1 ("whistleblower" report); ECF 201-1. And anything they would have to offer would be covered by at least the attorney-client privilege, which there is no basis to overcome. Yet the district court has provided no protections to mitigate these serious harms and is instead letting opposing counsel cross-examine government counsel as if they are prosecutors before a grand jury. *Cf. Young v. United States ex rel. Vuitton et Fils SA*, 481 U.S. 787, 809-14 (1987). And it is doing so in a case where a judge of this Court has already agreed that Defendants did not violate the order at issue, much less act contumaciously. *J.G.G. v. Trump*, 147 F.4th 1044, 1052-55 (D.C. Cir. 2025) (Katsas, J., concurring).

*Second*, the irreparable harm to the government is also apparent from the mandamus petition. This inquiry is encroaching on the Executive's core functions, which is a classic irreparable injury that led this Court to grant mandamus before. *See J.G.G. v. Trump*, 147 F.4th at 1044; *see also Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380-81 (2004). And the district court's hearing threatens disclosing attorney client privileged information, which is a quintessential irreparable harm, because once the privileged information is disclosed, "the cat is out of the bag." *In re Kellogg Brown & Root, Inc.*, 756 F.3d 754, 760-61 (D.C. Cir. 2014) (Kavanaugh, J.). These harms cannot be understated, and merge with the public interest factor, favoring a stay. *See Nken*, 556 U.S. at 435; *In re Musk*, 2025 WL 926608, at *1.

*Third*, no other party will be harmed by a stay. Despite their prosecutorial zeal, Plaintiffs have no interest nor standing in pursuing an inquiry into criminal contempt. *See Ramos Colon v. U.S. Atty. for Dist. of Puerto Rico*, 576 F.2d 1, 5 (1st Cir. 1978); *Kienle v. Jewel Tea Co.*, 222 F.2d 98, 100 (7th Cir. 1955) (whether a contempt proceeding should be investigated is a "matter concerning [the] defendant and the public, in which [the plaintiff's] interest is no greater than that of every member of the general public."). Nor is the district court harmed by a stay, despite its false sense of urgency. The contempt proceedings are retrospective, involving conduct that occurred nine months ago. And this Court issued the mandate from its last grant of mandamus less than a month ago. ECF 192.

In short, the only harms at issue here are to Defendants, and those harms are both stark and imminent. This Court must take action to stave off a looming and entirely unnecessary "constitutional confrontation" between the Executive and Judicial Branches, *United States v. Nixon*, 418 U.S. 683, 692 (1974), which is otherwise scheduled to begin first thing on Monday morning.[1]

## **CONCLUSION**

For the foregoing reasons, the Court should grant a stay of the district court's contempt inquiry or at a minimum stay the district court's December 8 order pending resolution of the petition for a writ of mandamus. The Government respectfully requests that the Court rule on this motion, or grant an administrative stay, by 5 PM this afternoon, given that hearings are set to begin on Monday morning.

---

[1] Defendants have also filed a motion in the district court, seeking to stay next week's hearings pending resolution of Defendants' motion for reconsideration below and pending this Court's resolution of the mandamus petition. Defendants will advise this Court when the district court acts on that motion, but the timing made it impossible to wait any further before seeking this Court's intervention.

4

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*

YAAKOV M. ROTH
*Principal Deputy Assistant Attorney General*

 s/ Tiberius Davis
TIBERIUS DAVIS
*Counsel to the Assistant Attorney General*

Civil Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
(202)-514-4357

# CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 986 words. This motion also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and 32(a)(6) because it was prepared using Microsoft Word for Microsoft 365 MSO (Version 2509 Build 16.0.19231.20138) 64-bit in Times New Roman 14-point font, a proportionally spaced typeface.

        *s/ Tiberius Davis*
        TIBERIUS DAVIS