**[EN BANC ARGUMENT SCHEDULED SEPTEMBER 29, 2026]**

**No. 25-5452**

# UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT

In re DONALD J. TRUMP, IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE UNITED STATES, et al.,

*Petitioner.*

On Petition for a Writ of Mandamus to the United States District Court for the District of Columbia
No. 1:25-cv-00766
The Hon. James E. Boasberg

## BRIEF OF AMICI CURIAE 6 SENATORS IN SUPPORT OF RESPONDENTS

GARY M. GILBERT
CHRISTOPHER H. BONK
ANDREW J. PERLMUTTER
GEOFFREY H. SIMPSON
WILLIAM C. SCHUBERT
GILBERT EMPLOYMENT LAW, P.C.
8403 Colesville Road, Suite 1000
Silver Spring, Maryland 20910
(301) 608-0880
gary-efile@gelawyer.com
cbonk-efile@gelawyer.com
aperlmutter-efile@gelawyer.com
gsimpson-efile@gelawyer.com
wschubert-efile@gelawyer.com

*Counsel for Amici Curiae*

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

Pursuant to D.C. Circuit Rule 28(a)(1), undersigned counsel certifies as follows:

### I. Parties and Amici

With the exception of instant amici and any other amici who have yet to enter an appearance in this case, all parties, intervenors, and amici appearing before the district court and in this Court are listed in Petitioners' En Banc Opening Brief.

### II. Rulings Under Review

References to the rulings at issue appear in the Petitioners' En Banc Opening Brief.

### III. Related Cases

Previous or pending appellate proceedings relating to this case are listed in the Petitioners' En Banc Opening Brief.

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................... iii

STATEMENT OF AUTHORSHIP AND FUNDING .................... 1

STATEMENT OF IDENTITY, INTEREST, AUTHORITY TO FILE AND NEED FOR SEPARATE BRIEFING .................... 2

INTRODUCTION .................... 3

ARGUMENT .................... 4

I. Whether government attorneys misrepresented or concealed facts before a United States District Court is of paramount interest to Congress and the public. .................... 4

II. Concerns of judicial overreach are unfounded. .................... 9

CONCLUSION .................... 11

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Cheney v. U.S. Dist. Ct. for D.C.*,
542 U.S. 367 (2004) .................................................. 9

*Ex parte Robinson*,
86 U.S. 505 (1873) .................................................. 10

*In re Flynn*,
973 F.3d 74 (D.C. Cir. 2020).................................................. 10, 11

*Lyng v. Nw. Indian Cemetery Protective Ass'n*,
485 U.S. 439 (1988) .................................................. 11

*Martin v. Mott*,
25 U.S. 19 (1827) .................................................. 8

*McCulloch v. Maryland*,
17 U.S. 316 (1819) .................................................. 6, 7

*Miller v. French*,
530 U.S. 327 (2000) .................................................. 5

*Trump v. J.G.G.*,
604 U.S. 670 (2025) .................................................. 3

*Trump v. Vance*,
591 U.S. 786 (2020) .................................................. 5

*United States Postal Serv. v. Gregory*,
534 U.S. 1 (2001) .................................................. 8

*United States v. Barnett*,
376 U.S. 681 (1964) .................................................. 9

*United States v. Brewster*,
408 U.S. 501 (1972) .................................................. 5

*United States v. Zubaydah*,
595 U.S. 195 (2022) .................................................. 5

*Youngstown Sheet & Tube Co. v. Sawyer*,
343 U. S. 579 (1952) .................................................. 5

## Statutes

18 U.S.C. § 401 .......... 9
28 U.S.C. § 530B(a) .......... 6, 7
28 U.S.C. § 544 .......... 6
28 U.S.C. §§ 541-42 .......... 6

## Other Authorities

D.C. Rules of Prof'l Conduct R. 3.3 (2025) .......... 7
Federalist No. 46 (J. Madison) .......... 5
Federalist No. 49 (J. Madison) .......... 5

## Constitutional Provisions

U.S. CONST. ART III, § I .......... 9

## STATEMENT OF AUTHORSHIP AND FUNDING

No counsel for a party authored this brief in whole or part, no party or counsel for a party contributed money to fund preparing or submitting this brief, and no person contributed money intended to fund preparing or submitting this brief. *See* Fed. R. App. P. 29(a)(4)(e).

## STATEMENT OF IDENTITY, INTEREST, AUTHORITY TO FILE AND NEED FOR SEPARATE BRIEFING

Amici are 6 members of the United States Senate representing 6 states.

Amici have an interest in this matter because this case raises serious concerns of the representations made by members of the executive branch when before a United States District Court, where Congress has the power to bar misrepresentations and the concealing of facts. Amici respectfully request that this Court deny the petition for mandamus.

Separate briefing is necessary because amici can offer unique insight and perspective. Specifically, amici can offer the perspective of members of Congress on issues that concern interactions between the branches of government and the separation of powers as it relates to the underlying events in this matter. Amici are unaware of any others similarly situated that are planning to file as amicus. Because of the unique perspective that members of Congress can offer, joining with another amicus is impracticable. Respondent consents and Petitioner is unopposed to this filing.

## INTRODUCTION

Congress requires that lawyers tell the truth in judicial proceedings. It has set forth through statute that government attorneys are subject to the same rules as all other attorneys requiring truthfulness and transparency to the Courts. When a party or counsel is not honest in proceedings before them, Courts have the fundamental power to punish contempt. Congress has explicitly codified this power. And the exercise of this power is squarely within the providence of the judiciary.

These rules, and the judiciary's authority to require honesty in proceedings before it, remain even when the due process rights of immigrants are violated through "a covert operation to deport dozens of immigrants without notice or an opportunity for hearings" by use of a statute that, prior to March 14, 2025, had only been invoked three times: during "the War of 1812, World War I, and World War II." *Trump v. J.G.G.*, 604 U.S. 670, 676, 684 (2025) (Sotomayor, J., dissenting). The Court has every right to try to make sense of these events. Mandamus to prevent that inquiry should not issue.

## ARGUMENT

### I. Whether government attorneys misrepresented or concealed facts before a United States District Court is of paramount interest to Congress and the public.

The executive branch, through counsel, may have misrepresented or concealed facts when questioned by a federal court. "[T]estimony may reveal potential misrepresentations of the facts that were made before the court on the record during the March 15th hearing." Panel Dissent at 41 (Childs, J.). The District Court relayed its view in its April 16, 2025, Probable Cause Order that government counsel was engaging in "obstructionism[,]" "refus[ing] to answer basic questions[,]" and that it was "stonewalling" the court. JA200. While at the same time "Defendants intimated that they had defied the Court's Order deliberately and gleefully[,]" with social media posts celebrating the exact conduct that the Court views violated its order. JA199. The government attorneys then obliquely raised "diplomatic concerns…[and]…national security concerns" and, later, the "state-secrets privilege[.]" JA201-202.

The executive branch must follow court orders the same as the rest of the citizenry: "In this country, no one stands above the law; not even the President may deflect evidentiary inquiries just because they may

prove inconvenient or embarrassing." *United States v. Zubaydah*, 595 U.S. 195, 247 (2022) (Gorsuch, J., dissenting) (citing *Trump* v. *Vance*, 591 U.S. 786 (2020) and *Youngstown Sheet & Tube Co.* v. *Sawyer*, 343 U. S. 579, 646 (1952) (Jackson, J., concurring)).

Such conclusion flows inexorably from perhaps the most evident and well-accepted point in constitutional law: that the government of the United States is comprised of three coequal branches. *See, e.g.,* Federalist No. 49 (J. Madison); *United States v. Brewster*, 408 U.S. 501, 508 (1972); *Miller v. French*, 530 U.S. 327, 341-42 (2000). The three branches are "perfectly co-ordinate by the terms of their common commission, none of them, it is evident, can pretend to an exclusive or superior right of settling the boundaries between their respective powers[.]" Federalist No. 49 (J. Madison). The government itself is comprised of individuals who are "but different agents and trustees of the people." Federalist No. 46 (J. Madison). When a concern arises that one branch is deceiving another branch, that implicates the very foundation on which the government was built—the "separateness but interdependence, autonomy but reciprocity" between the branches. *Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579, 635 (Jackson, J., concurring).

Indeed, Congress has a substantial stake in the outcome of the District Court's investigation: it, by statute, demands honesty of the executive and fealty to the Constitution. Congress itself created the positions of United States attorneys and Assistant United States attorneys. *See* 28 U.S.C. §§ 541-42. "Each United States attorney, assistant United States attorney, and attorney appointed under section 543 of this title, before taking office, shall take an oath to execute faithfully his duties." 28 U.S.C. § 544. "The oath which might be exacted -- that of fidelity to the constitution -- is prescribed, and no other can be required." *McCulloch v. Maryland*, 17 U.S. 316, 416 (1819). That this statutorily created office conducts itself in accordance with this oath and to the highest ethical standards is critical to the effective operation of the federal government.

Through the McDade Amendment, Congress requires that government attorneys conduct themselves consistent with state bar ethics rules: "An attorney for the Government shall be subject to State laws and rules, and local Federal court rules, governing attorneys in each State where such attorney engages in that attorney's duties, to the same extent and in the same manner as other attorneys in that State." 28 U.S.C. § 530B(a).

State bar ethics rules require that attorneys be truthful and forthright in their representations to the court. For instance, D.C. Rule of Professional Conduct 3.3 charges attorneys with the duty of candor to the tribunal.[1] The American Bar Association Model Rules contain an almost identical provision, as do many other states.[2] The point is simple: Congress expects government attorneys to operate consistent with the ethical standards uniformly required across the country. The fact that the attorneys here work for the executive branch does not allow them to shirk these ethical standards. 28 U.S.C. § 530B(a). As the district court's inquiry raises questions casting doubt on this "fidelity to the constitution" and candor, Congress and the public deserve answers. *McCulloch*, 17 U.S. at 416.

---

[1] *Amended Rules*, D.C. BAR, https://www.dcbar.org/for-lawyers/legal-ethics/rules-of-professional-conduct (last visited Aug. 12, 2026).

[2] *Model Rules of Professional Conduct*, AMERICAN BAR ASSOCIATION, https://www.americanbar.org/groups/professional_responsibility/publications/model_rules_of_professional_conduct/ (last visited Aug. 12, 2026); JURISDICTIONAL RULES COMPARISON CHARTS (RULE 3.3), *American Bar Association*, https://www.americanbar.org/content/dam/aba/administrative/professional_responsibility/mrpc-3-3.pdf (last visited Aug. 18, 2026) (identifying 22 states carrying the same rule as the model rule, and discussing the variations of the rule among the other jurisdictions).

Concerns about the executive's honesty are further exacerbated by concerns that its lawyers are abusing the presumption of regularity. The executive branch is afforded a presumption that its actions are taken consistent with law: "When the President exercises an authority confided to him by law, the presumption that it is exercised in pursuance of law. Every public officer is presumed to act in obedience to his duty, until the contrary is shown[.]" *Martin v. Mott*, 25 U.S. 19, 32-33 (1827); *see also United States Postal Serv. v. Gregory*, 534 U.S. 1, 10 (2001) ("we note that a presumption of regularity attaches to the actions of government agencies."). The judiciary must be able to ascertain if continuing this presumption is warranted, and Congress must know if an additional legislative response should be made.

The record indicates that executive branch officials boasted about their exploits in defiance of the order from a United States District Court. JA200-202. Open defiance of the Courts by the executive is intolerable to the judiciary and Congress alike as coequal branches. Mandamus ought not prevent examination of the executive's conduct, including whether defiance of the Court was intentional and celebrated by the Administration.

## II. Concerns of judicial overreach are unfounded.

All federal courts other than the Supreme Court are creations of Congress. U.S. CONST. ART III, § 1. Congress has explicitly provided federal courts with the authority to conduct contempt proceedings and punish accordingly. *See* 18 U.S.C. § 401. This grant of power dates back to the founding: "The First Congress in the Judiciary Act of 1789 conferred on federal courts the power 'to punish by fine or imprisonment, at the discretion of said courts, all contempts of authority in any cause or hearing before the same….'" *United States v. Barnett*, 376 U.S. 681, 687 (1964) (quoting 1 Stat. 83). Petitioners argue mandamus is necessary to "maintain the Constitution's separation of powers" and prevent "interfer[ence] with a coequal branch's ability to discharge its constitutional responsibilities." Pet. Br. at 66 (quoting *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 382 (2004)).

Yet, Congress expressly conferred the District Court the power to punish "[d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C § 401(3). "The power to punish for contempts is inherent in all courts; its existence is essential to the preservation of order in judicial proceedings, and to the enforcement of the

judgments, orders, and writs of the courts, and consequently to the due administration of justice." *Ex parte Robinson*, 86 U.S. 505, 510 (1873). Courts may use this power to "insure order and decorum in their presence, to secure faithfulness on the part of their officers in their official transactions, and to enforce obedience to their lawful orders, judgments, and processes." *Id.* at 511.

Exercising the contempt power is fundamentally within the providence of the judiciary. *Id.* at 510. Indeed, the Court itself would best know whether to notify the appropriate authorities of an instance of disobedience or resistance to its commands. It stands to reason that the Court would require assurance before it proceeded to make a formal referral of contempt. The fact that some level of fact-finding has or will occur before the Court is satisfied that it can make a referral is in no way an encroachment on the executive's functions. *In re Flynn*, 973 F.3d 74, 82 (D.C. Cir. 2020) (suggesting mandamus is inappropriate "to decide a trial court motion without first giving the district court an opportunity to make a decision[.]").

The District Court here did not even go so far as to fully exercise this contempt power. It merely began an inquiry as to whether to make

a contempt referral—not to determine, on the merits, whether contempt occurred. JA211. "[A] fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them." *Flynn*, 973 F.3d at 81 (quoting *Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445 (1988)). Excusing the executive branch at this stage is simply premature, and the District Court should be permitted to act within its statutorily conferred authority.

**CONCLUSION**

Mandamus is simply not appropriate. This case presents one co-equal branch acting in defiance of an order from another coequal branch. This is too critical to prevent inquiry. The District Court was well within its authority to utilize the mechanism of contempt—a power inherent in all courts and explicitly codified by Congress.

Respectfully submitted,

Christopher Bonk

Gary M. Gilbert, Esq.
Christopher H. Bonk, Esq.
Andrew J. Perlmutter, Esq.
Geoffrey H. Simpson, Esq.
William C. Schubert, Esq.
Gilbert Employment Law, P.C.

8403 Colesville Rd, Ste. 1000
Silver Spring, MD 20910
Tel: 301-608-0880
Fax: 301-608-0881
Email: gary-efile@gelawyer.com
cbonk-efile@gelawyer.com
aperlmutter-efile@gelawyer.com
gsimpson-efile@gelawyer.com
wschubert-efile@gelawyer.com

*Counsel for amici*

## CERTIFICATE OF COMPLIANCE

This brief complies with the Fed. R. App. P. 32(a)(5) because it was prepared using 14-point Century Schoolbook font, which is a proportionally spaced typeface. This brief also complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 1968 words. Fed. R. App. P. 29(a)(5).

Respectfully submitted,

Christopher Bonk


Gary M. Gilbert, Esq.
Christopher H. Bonk, Esq.
Andrew J. Perlmutter, Esq.
Geoffrey H. Simpson, Esq.
William C. Schubert, Esq.
Gilbert Employment Law, P.C.
8403 Colesville Rd, Ste. 1000
Silver Spring, MD 20910
Tel: 301-608-0880
Fax: 301-608-0881
Email: gary-efile@gelawyer.com
cbonk-efile@gelawyer.com
aperlmutter-efile@gelawyer.com
gsimpson-efile@gelawyer.com
wschubert-efile@gelawyer.com


*Counsel for amici*

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2026, I electronically filed the foregoing Brief with the Clerk for the United States Court of Appeals for the District of Columbia Circuit by using the CM/ECF system.

Respectfully submitted,

Christopher Bonk

______________________________

Gary M. Gilbert, Esq.
Christopher H. Bonk, Esq.
Andrew J. Perlmutter, Esq.
Geoffrey H. Simpson, Esq.
William C. Schubert, Esq.
Gilbert Employment Law, P.C.
8403 Colesville Rd, Ste. 1000
Silver Spring, MD 20910
Tel: 301-608-0880
Fax: 301-608-0881
Email: gary-efile@gelawyer.com
cbonk-efile@gelawyer.com
aperlmutter-efile@gelawyer.com
gsimpson-efile@gelawyer.com
wschubert-efile@gelawyer.com

*Counsel for amici*